IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

V.    NO. 4:25-CR-00259-P

CAMERON ARNOLD (01)
AKA "AUTUMN HILL"

**PRETRIAL MOTION #1**
**MOTION FOR A BILL OF PARTICULARS**
DEFENDANT HILL (1)

TO THE HONORABLE JUDGE MARK T. PITTMAN,
UNITED STATES DISTRICT JUDGE:

COMES NOW, Cameron Arnold a.k.a. Autumn Hill (Defendant Hill) by and through her attorneys of record, Cody L. Cofer and James Luster, and hereby moves the Court to direct the Government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). In support, Defendant Hill would show:

The grand jury indicted Defendant Hill on October 15, 2025. (ECF 79). The Court entered Defendant Hill's written waiver of arraignment on October 17, 2025. (ECF 82). Defendant Hill files this motion within 14 days of arraignment. *See* FED. R. CRIM. P. 7(f).

I. **An adequate indictment is necessary to provide and protect Defendant Hill's rights under the Rules of Criminal Procedure and the United States Constitution.**

The indictment should "be a plain, concise, and definite written statement of the essential facts constituting the offense charged…" FED. R. CRIM. P. 7(c)(1). "An indictment must 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *United States v. McGuire*, 151 F.4th 307, 335 (5th Cir. 2025) citing *Russell v. United States*, 369 U.S. 749, 765 (1962) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)). "The elements 'must be accompanied with such a statement of

the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Id.* (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). "This is a 'principle[ ] of fundamental fairness,' protected by the Fifth Amendment." *Id.* (omitting internal citations).

The indictment must: (1) contain the elements of the offense charged; (2) fairly inform the defendant of the charges she must prepare to meet; and (3) enable a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same offense. *Id.* citing *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022). "This ensures that the grand jury finds probable cause that a defendant has committed each element of the offense, as required by the Fifth Amendment." *Id.*

In the instant case, a more detailed charging instrument is critical for preparation of a defense. With the current charging instrument, the defendant has: (1) no meaningful opportunity to prepare her defense; (2) no assurance against unfair surprise at trial; and (3) no protection against the dangers of double jeopardy. Proceeding on the current indictment prevents Defendant Hill from ensuring she is tried only on allegations considered by the Grand Jury and ensuring unanimity of the petit jury's final verdict. As currently pleaded, the Court cannot ensure a fair trial for Defendant Hill. Without inclusion of sufficient factual orientation in the indictment, proceeding to trial will violate Defendant Hill's Fifth, Sixth, and Fourteenth Amendment rights.

**II.   As to Count One, the indictment does not allow Defendant Hill to prepare for trial, denies her a fair trial, and denies her right to effective representation of counsel.**

   A. *The allegations in Count One allege a conspiracy without alleging a specific predicate offense.*

The indictment alleges Defendant Hill and Defendant Evetts "conspired . . . to provide . . . material support and resources . . . knowing and intending that they were to be used in preparation for, and in carrying out, violations of 18 U.S.C. §§ 1361 and 1114, and in preparation for and

carrying out the concealment of an escape from such violations." (ECF 79). The statutory reference to "18 U.S.C. §§ 1361 and 1114" includes at least four different predicate offenses. The potential predicate offenses have a variety of unpled elements, including potential victims, harms, and mental states. The object of the intent or knowledge requirement in § 2339A is the terrorist activity itself; a defendant must specifically intend or know that the defendant's conduct will further the terrorist *activity. Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2717–18 (2010). The absence of the predicate offense, and the attendant elements, make the indictment defective under Rule 7 and the Constitution. A bill of particulars does not remedy the violation of Defendant Hill's right to a grand jury indictment, but it would potentially remedy the notice and proof deficiency.

### B. The allegations are inadequate to allow Defendant Hill to prepare for many good-faith defensive issues.

Count One of the indictment charges Defendant Hill with *Providing Material Support to Terrorists* in violation of 18 U.S.C. § 2339A. (ECF 79). Section 2339A bans attempts and conspiracies. Consequently, a violation of § 2339A may occur even if the anticipated federal crime of terrorism has not. On the other hand, because the section also reaches support for concealment of an escape from a predicate offense, a violation of the section may occur even after commission of the predicate offense. The few acts listed in the indictment that a reader could generously construe as supplementing Count One are not specific enough to serve Rule 7 or pass constitutional muster.

The indictment section entitled "Anita Cell" contains a variety of allegations that are not attributed to any specific actor, and the indictment does not indicate whether Defendant Hill had any involvement or knowledge. Also, the investigative material provided by the Government is wanting in this regard.

As an example, the nature of the indictment's narrative allegations may reasonably give rise to a variety of defenses, including alibi[1]. "Defense counsel must always investigate an alibi defense." *Holmes v. McKune*, 59 F. App'x 239, 250 (10th Cir. 2003). The jury may be asked "whether the defendant was present at the time and place of the alleged crime." Fifth Circuit, *Criminal Pattern Jury Instruction*, 1.37 (2024). The jury may be instructed to find Defendant Hill not guilty, unless the Government proves the defendant was present at that time and place beyond a reasonable doubt. *Id*. However, the current charging instrument makes it impossible for Defendant Hill to investigate and present evidence as to the time and place of the alleged offense, because the conduct, time, and place the Government intends to rely upon is unknown. Without revising the current charging instrument, Defendant Hill could not reasonably meet the notice requisites to present an alibi defense. *See* FED. R. CRIM. P. 12.1.

Further, Count One alleges an "attempt" to provide material support. "Attempt" requires more than "mere preparation" and requires an affirmative "substantial step" toward commission of the offense. Fifth Circuit, *Criminal Pattern Jury Instruction*, 1.34 (2024); *United States v. Resendiz-Ponce*, 127 S. Ct. 782, 788 (2007). The Government must prove beyond a reasonable doubt "[t]hat the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation." *Pattern Jury Instruction*, 1.34. A "substantial step" must both: (1) be an act strongly corroborative of the actor's criminal intent; and (2) amount to more than mere preparation. *United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012). As to Defendant Hill, the indictment merely recites statute and does not attribute any specific acts.

---

[1] It is important to note that the alleged offense conduct presumably is not the alleged terrorist act. Rather, the alleged offense conduct should be some other conduct at potentially a different time or location. This is unknowable form the indictment.

These are only a few of the proof and notice problems the vagueness of the indictment creates. The inadequacy of the indictment makes further effort to divine other potential issues, and resulting prejudice, merely speculative. The indictment even thwarts preservation of error because the allegations are so sparse or unconnected. These are only examples of the limitations placed on Defendant Hill in meeting the charges.

### III. Counts Two, Three, and Four of the indictment do not allow Defendant Hill to prepare for trial, denies her a fair trial, and denies her right to effective representation of counsel.

The required intent and mental state are not pled in the indictment. Counts Two, Three, and Four charge aiding and abetting attempted murder of an employee of the United States. (ECF 79). However, the indictment does not inform the reader of the species of murder or facts to support the intent or mental state the Government intends to prove. "The intent required for second-degree murder is malice aforethought; it is distinguished from first-degree murder by the absence of premeditation." *United States v. Harrelson*, 766 F.2d 186, 189 (5th Cir. 1985); *see also United States v. Browner*, 889 F.2d 549, 551–52 (5th Cir. 1989). Further, when "the crime is attempted second-degree murder, the Government must prove defendant had the specific intent to kill." *United States v. White*, 762 F. App'x 212, 213 (5th Cir. 2019). Defendant Hill simply does not know which elements or facts she is to defend against, particularly regarding specific intent. This is especially troublesome because the alleged "aiding and abetting" requires yet another layer of specificity and proof.

### IV. The allegations are not specific enough to protect against Double Jeopardy.

#### A. The indictment suffers several dangers of multiplicity.

The Double Jeopardy Clause's multiplicity doctrine "prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the

same act." *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995). An indictment violates this prohibition when the prosecution charges a single offense in more than one count. *United States v. Buchanan*, 485 F.3d 274, 278 (5th Cir. 2007). The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment. *United States v. Smith*, 54 F.4th 755, 763 (4th Cir. 2022). The signal danger of a multiplicitous indictment is that a defendant may well receive multiple punishments for the same crime.

      B. *Count One may be multiplicitious of Counts Two, Three, and Four.*

Double Jeopardy Clause does not prohibit Congress from punishing the same course of conduct under different statutes. To determine Congressional intent for double jeopardy purposes, courts apply the test formulated in *Blockburger v. United States*, 284 U.S. 299 (1932). Under the *Blockburger* test, courts consider the differing statutory provisions under which a defendant stands charged and ascertain "whether each provision requires proof of a fact which the other does not." *Id*. at 304 (cleaned up). The Supreme Court has emphasized that the *Blockburger* test "involve[s] only a question of statutory construction," not an analysis of the underlying factual predicate. *United States v. Dixon*, 509 U.S. 688, 745 (1993) (Souter, J., concurring in part). Where "there is a clear indication of contrary legislative intent," the *Blockburger* test "should not be controlling." *Albernaz v. United States*, 450 U.S. 333, 340 (1981).

Count Two of the indictment charges Defendant Hill with a violation of 18 U.S.C. § 2339A for providing, conspiring to provide, or attempting to provide material support or resources to terrorists. (ECF 79). Section 2339A specifies that "[w]hoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out" a violation enumerated by the statute or listed in 18 U.S.C. § 2332b(g)(5)(B), "or in preparation for,

or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act," shall be fined or imprisoned. 18 U.S.C. § 2339A(a). The statute provides an express definition of the term "material support or resources." 18 U.S.C. § 2339A(b)(1). Count One offers that 18 U.S.C. §§ 1361 or 1114 may constitute the relevant predicate offenses for purposes of the charge.

Counts Two, Three, and Four, in turn, charge Defendant Hill with violations of 18 U.S.C. § 1114 for aiding and abetting an unnamed principle in attempting to kill unidentified employees of the United States. (ECF 79). Without pleading the requisite elements in Counts One, Two, Three, and Four, Defendant Hill and the Court cannot meaningfully apply a *Blockburger* analysis. As pled, the indictment does not protect Defendant Hill from multiplicity, and Defendant Hill cannot appropriately litigate (pretrial) whether the indictment violates Double Jeopardy.

Further, Section 2339A outlaws attempts to violate its proscriptions. In general, attempt is the unfulfilled commission of an underlying offense. If the attempt succeeds, the offender cannot be prosecuted or punished for both the completed offense and the attempt to commit it.

### C. Counts Five, Six, and Seven may be multiplicitous.

For violations of 18 U.S.C. § 924(c), the jury should be required to decide the question of whether Defendant Hill aided and abetted the possession of separate firearms for each count. *See United States v. Campbell*, 775 F.3d 664, 670 (5th Cir. 2014). The unit of prosecution under § 924(c) is the possession (or use, or carrying) of a firearm in furtherance of a predicate offense. *Id*. Given this unit of prosecution, § 924(c)(1) does not authorize multiple convictions for a single possession of a single firearm. *Id*. The statute only allows for as many firearms counts as there are possessions of the firearm used in the crime of violence. Presently, Defendant Hill cannot know if the Government has charged the use of a single firearm or multiple firearms.

### V. The indictment prevents Defendant from protecting and litigating any violations of her rights to indictment by a grand jury and a unanimous verdict.

The current charging instrument does not ensure Defendant's Fifth Amendment right to indictment by a grand jury. A mere statement of the statutes in the indictment does not allow Defendant Hill or Court to determine whether the alleged conduct the Government attempts to prove at trial is the same alleged conduct supporting the indictment by the Grand Jury. Further, the deficient charging instrument does not ensure jury unanimity as required by the Sixth Amendment.

Based upon the current charging instrument, Defendant Hill cannot effectively object before or during trial to evidence that may be inadmissible, including evidence objectionable under Federal Rules of Evidence 403 and 404. Without parsing the charged conduct from extraneous accusations, those objections will not ripen until the Court finally charges the jury. Then it will be too late.

With such broad latitude in the presentation of evidence, how can the Court know which conduct on which to charge the jury? Is the Government left to simply elect at the conclusion of evidence without regard to the right to a grand jury indictment or notice of a particular offense? On the other hand, how can a defendant rely upon the notice requirements for Federal Rules of Evidence 404, if the vagueness of the allegations in the indictment make the "charged" conduct indistinguishable from the extraneous conduct?

### VI. Conclusion & Prayer

Viewing the indictment from the perspective of an innocent defendant, Defendant Hill cannot prepare for trial or endeavor to file appropriate pretrial motions. Pretrial motions are due on November 3, 2025. To the extent that the Court may attempt to address any of these issues with a carefully fashioned jury charge, such remedial measures will be too little too late. We are not intended to charge into trial with known error in hopes that a defendant will waive her complaints

or that a patchwork of instructions and maneuvers will dilute the prejudice. Defendant Hill intends to raise many of these same complaints in a forthcoming motion to quash the indictment.

Wherefore, Defendant Hill respectfully requests the Court direct the Government to file a bill of particulars and prays for such other relief Defendant Hill may be entitled.

    Respectfully submitted by,

    */s/Cody L. Cofer*
    Cody L. Cofer
    COFER LUSTER LAW FIRM, PC
    TX SBN: 24066643
    604 E. 4th Street, Suite 101
    Fort Worth, Texas 76102
    Phone: 682-777-3336
    Fax: 682-238-5577
    Email: ccofer@coferluster.com
    Attorney for Cameron Arnold a.k.a. Autumn Hill

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I electronically served the Government's attorney a copy of this pleading.

<u>/s/Cody L. Cofer</u><br>
Cody L. Cofer

## CERTIFICATE OF CONFERENCE

On October 31, 2025, I conferred with counsel for the Government, Shawn Smith. The Government is opposed. No particular reason was provided.

<u>/s/Cody L. Cofer</u><br>
Cody L. Cofer