IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.   4:25-CR-259-P |
| CAMERON ARNOLD (01) a/k/a "Autumn Hill" | |
| ZACHARY EVETTS (02) | |

**GOVERNMENT'S NOTICE PURSUANT TO 18 U.S.C. APP. III, SECTION 2 & MEMORANDUM OF LAW REGARDING THE CLASSIFIED INFORMATION PROCEDURES ACT**

The undersigned has learned that classified information may be implicated in this prosecution.  Accordingly, the United States of America, by and through its attorneys, files this Notice Pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, Section 2, and Memorandum of Law regarding CIPA to apprise the Court of its applicability to matters relating to classified information that may arise in connection with the above-captioned matter, both before and during trial. As in all cases that may implicate classified information, the government herein provides the Court with a detailed description of the procedures mandated by the CIPA statute for protecting such classified information.

1.      **Background**

On October 15, 2025, a federal grand jury returned a seven-count indictment against defendants Cameron Arnold and Zachary Evetts.  (Dkt. 79)  The Indictment charges the following:

- Count One – Providing Material Support to Terrorists (18 U.S.C. § 2339A);

- Counts Two through Four – Attempting to Murder Officers and Employees of the United States and Aiding and Abetting (18 U.S.C. §§ 1114(a)(3) and 2);

- Counts Five through Seven—Discharging a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting (18 U.S.C. §§ 924(c)(1)(A)(iii) and 2). *Id.*

Arnold made his first appearance on October 17, 2025, and Evetts made his first appearance on October 20, both waiving arraignment and entering not guilty pleas. (Dkts. 82 & 83).

The government has worked diligently to locate and provide the relevant discovery that has been created during this investigation.  To date, the government has provided well over five terabytes of discovery to the defense, which include hundreds of reports, numerous videos, and hundreds of photos.  The government has recently learned there may be material that may implicate classified information.  Thus, the government needs to conduct a prudential search to see if such classified information does exist and, if it does, the government expects to address the classified information in a motion pursuant to Section 4 of CIPA.  Accordingly, the government provides the following overview of CIPA.

2.    **CIPA Procedures**

CIPA governs the discovery, admissibility, and use of classified information in federal criminal cases. The leading case in the Fifth Circuit addressing CIPA is *United States v. El-Mezain*, 664 F.3d 467, 519-525 (5th Cir. 2011). In *El-Mezain*, the Fifth Circuit adopted the standards originally articulated in the seminal decision on CIPA in *United States v. Yunis*, 867 F.2d 617, 623-24 (D.C. Cir. 1989); *See also United States v. Baptista-Rodriquez*, 17 F.3d 1354, 1363 (11th Cir. 1994). As the Fifth Circuit ruled, "[n]o one seriously disputes that the Government possesses an important privilege to withhold classified information, nor do we believe that a contrary assertion could be sustained." *El-Mezain*, 664 F.3d at 522. Moreover, the Supreme Court itself has long acknowledged the importance of protecting the nation's secrets from disclosure. *Central Intelligence Agency v. Sims*, 471 U.S. 159, 175 (1985) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service") (internal quotations omitted). Given this compelling interest, federal courts have recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the Government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2nd Cir. 1996) (quoting *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983)). By its terms, CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any state of a criminal trial" while simultaneously ensuring that the defendant's right to present evidence in his defense is not compromised. *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (quoting *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)).

CIPA is procedural and neither creates nor limits a defendant's right to discovery; instead, it clarifies the district court's existing power to restrict or deny discovery. *El-Mezain*, 664 F.3d at 519-20. It most certainly was not "intended to expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990). The statute creates no new rule of evidence regarding admissibility, but rather, the statute mandates procedures accommodating the government's privilege in classified litigation. *See Yunis*, 867 F.2d at 623; *see also United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir, 1998); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998); *Baptista-Rodriquez*, 17 F.3d at 1363-64.

**Government's Notice and Memorandum of Law**
**Regarding the Classified Information Procedures Act – Page 4**

CIPA applies equally to classified testimony and classified documents.  *See Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony); *United States v. Lee*, 90 F. Supp. 2d 1324 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)).  Under CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.  18 U.S.C. App. 3 Section 1(a).  "National security" means the national defense and foreign relations of the United States.  *Id.* at 1(b).

## A.     Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. 3 Section 2.  After filing such a motion, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."  *Id.*

Pursuant to CIPA, following such motion, the Court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA;

and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA. *Id.* In addition, the Court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. 3 Section 2.

At this point, the government expects only to file a single motion pursuant to CIPA section 4, should a prudential search uncover any classified information. The government does not anticipate producing classified discovery or using classified information at trial, nor does it expect that the defendants or their counsel (who may not possess security clearances) are in possession of classified information. Therefore, the government does not believe a Section 2 pretrial conference is necessary.

## B.    Protective Orders – Section 3

CIPA Section 3 requires the district court to issue a protective order upon the government's motion to protect against the disclosure of any classified information the government may disclose to a defendant. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective

orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority to issue protective orders under Rule 16(d)(1).  In contrast to Rule 16(d)(1)'s discretionary authority, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government disclosed classified information in connection with a prosecution, e.g. *Brady* and Jencks material."  *Id.*

### C.    Protection of Classified Information During Discovery – Section 4

Both CIPA Section 4 and Rule 16(d)(1) of the Federal Rules of Criminal Procedure expressly authorize the United States to submit *ex parte* motions seeking an *in camera* review of classified information that may be potentially discoverable in a federal criminal case.  CIPA Section 4 provides, *inter alia*:

> The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected *by the court alone*.  If the court enters an order granting relief following such an *ex parte* showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III 4 (1980) (emphasis added).  CIPA Section 4 requires no particular showing before the Court may grant a request to proceed *ex parte* and *in camera*.  *See United States v. Sarkissian*, 841 F.2d 959, 965-66 (9th Cir. 1998); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984), vacated and remanded on other grounds sub nom. by *United States v. McAfee*, 479 U.S. 805 (1986).

Rule 16(d)(1) contains a substantially identical provision: "The court may permit a party to show good cause [for relief from discovery] by a written statement that the court will inspect *ex parte*.  If relief is granted, the court must preserve the entire text of the party's statement under seal."  Fed. R. Crim. P. 16(d)(1) (emphasis added); *see also United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(1) expressly authorizes the court to deny discovery of information sought by a defendant based on an *ex parte* showing by the Government of the need for confidentiality.").

Indeed, *ex parte*, *in camera* consideration of government motions to deny or restrict discovery under CIPA Section 4 have been upheld consistently as proper practice.  *See, e.g.*, *O'Hara*, 301 F.3d at 568 (district court properly conducted *in camera*, *ex parte*, proceeding to determine whether classified information was discoverable); *Klimavicius-Viloria*, 144 F.3d at 1261 (approving CIPA § 4 *ex parte* hearings); *Sarkissian*, 841 F.2d at 965 (*ex parte* proceedings concerning national security information are appropriate under CIPA § 4); *United States v. Porter*, 701 F.2d 1158, 1162 (6th Cir. 1983); *see also Mejia*, 448 F.3d at 457-59; *United States v. Rahman*, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994); *United States v. LaRouche Campaign*, 695 F. Supp. 1282, 1284-85 (D. Mass. 1988); *United States v. Jolliff*, 548 F. Supp. 229, 232 (D. Md. 1981).  Likewise, courts have held that *ex parte*, *in camera* proceedings are appropriate under Rule 16(d)(1).  *See, e.g.*, *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (*ex parte*, *in camera* proceedings are appropriate where prosecutors were concerned about safety of individuals if certain tapes were disclosed to

defense).

Additionally, CIPA Section 4 and Rule 16(d)(1) authorize the Court to deny or otherwise restrict discovery of classified information by the defense.  In pertinent part, CIPA Section 4 provides that a district court,

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. III § 4 (1980).  Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that a district court "may for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).

In determining whether to authorize the government to withhold classified materials from discovery under CIPA Section 4, federal courts, including the Fifth Circuit, have applied the balancing test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957).  *El-Mezain*, 664 F.3d 467 at 520-21.  In *Roviaro*, the United States Supreme Court considered the application of the of the informant's privilege—pursuant to which the government may withhold from disclosure the identity of its informants—to the general discovery rules.  *Roviaro*, 353 U.S. at 55.  The Court held that the defendant's interest in mounting a defense was triggered only when the information in the government's possession was "relevant and helpful to the defense of an accused, or is

essential to the defense of an accused . . . ."  *Id.* at 60-61.  Second, when the evidence is deemed relevant and helpful, courts must "balance [ ] the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.* at 62.

In *Yunis*, the D.C. Circuit applied *Roviaro's* reasoning in interpreting CIPA Section 4's statutory requirements. 867 F.2d at 623.  The court held that classified information may be withheld from discovery unless it is both relevant and "helpful to the defense of the accused . . . ."  *Id.* (citations omitted).  Although relevance is a "low hurdle," when seeking disclosure of classified information, the defendant must provide more than "a mere showing of theoretical relevance."  *Id.*  Rather, to overcome the government's classified information privilege, the defense "is entitled only to information that is at least 'helpful to the defense of [the] accused.'"  *Id.* (citing *Roviaro*, 353 U.S. at 60-61).

Moreover, just because classified information is relevant and helpful does not automatically render such evidence discoverable.  *See Roviaro*, 353 U.S. at 62; *cf. El-Mezain*, 664 F.3d at 523 (citing *Roviaro*, 353 U.S. at 60-61) (noting that even when the government properly invokes its privilege, courts must next consider whether the privilege should yield when balancing other interests).  Courts must determine whether, on balance, overriding national security concerns outweigh the defendant's need for the information.  *Sarkissian*, 841 F.2d at 965; *Pringle*, 751 F.2d at 426-29; *Rahman*, 870 F. Supp. at 52-53.

**D.      Classified Information Possessed by the Defendant with Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings – Sections 5 and 6**

Sections 5 and 6 of CIPA apply when a criminal defendant possesses classified information and seeks to disclose such information during the course of a trial or proceeding.  *See, e.g.*, *Baptista-Rodriguez*, 17 F.3d at 1363; *Sarkissian*, 841 F.2d at 965-66; *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983).  As discussed above, the government does not anticipate any proceedings under section 5 of CIPA and, at this time, is unaware of any classified information possessed by the defendants.  The government is nevertheless including this section to provide the court with a fulsome overview of CIPA.

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to a defendant through discovery.  First, a defendant must specify in detail the precise classified information the defendant reasonably expects to disclose at trial.  Second, the Court, upon motion of the government, shall hold a hearing under Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for the classified information the Court rules is admissible.

### i.    The Requirement to Provide Notice of Disclosure

CIPA Section 5(a) requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the Court and the government.  Such notice must "include a brief description of the classified information," and such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense."  *Collins*, 720 F.2d at 1199-1200; *see also United States v. Giffen*, 473 F.3d 30, 33 (2d Cir. 2006); *Yunis*, 867 F.2d at 623 ("a defendant seeking classified information … is entitled only to information that is at least 'helpful to the defense of [the] accused'"); *United States v. Smith*, 780 F.2d 1102, 1005 (4th Cir. 1985) (en banc).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information.  *See United States v. Badia*, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008).  Similarly, if the defendant attempts to disclose at trial classified information that is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  *See Smith*, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice").

Thus, Section 5 requires a defendant to provide timely written notice to the Court and the government describing any classified information the defendant reasonably expects to disclose. *See* 18 U.S.C. App. 3 Section 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination under Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. 3 Section 5(a).

## ii.    The Pretrial Hearing on Disclosure

Prior to trial, under CIPA Section 6(a), upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3 Section 6(a). The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information that will be at issue.

If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."  S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1]  *See Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1106.  Courts must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that even if relevant, such evidence should be excluded under Federal Rule of Evidence 403.  *Wilson*, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

### iii.    Substitution in Lieu of Disclosure

In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of proposing a "substitution" for the classified information at issue under CIPA Section 6(c).  18 U.S.C. App. 3 Section 6(c).

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility."  *Wilson,* 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial.  *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord Smith*, 780 F.2d at 1106.

**Government's Notice and Memorandum of Law**
**Regarding the Classified Information Procedures Act – Page 14**

The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute a summary of the classified information that would otherwise be disclosable. *See Giffen*, 473 F.3d at 33; *Smith*, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure."  *United States v. North*, 910 F.2d 843, 899 (D.C. Cir. 1990).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, CIPA Section 6(e)(1) permits the government to object to the classified information's disclosure.  In such cases, the Court shall "order that the defendant not disclose or cause the disclosure of such information."  *Id.*  Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case.  *Id.* at 6(e).

If, after an *in camera* hearing, the Court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  *Id*. at 6(d).

If the Court denies the government's motion for substitution under Section 6(c), CIPA permits the government by affidavit from the Attorney General to object to the disclosure of the classified information at issue.  *Id.* at 6(e)(1).  Upon filing of the Attorney General's affidavit, the Court shall "order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the

government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. 3, Section 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter to withdraw its objection to the disclosure of the information. *Id.*

Whenever the Court rules classified information admissible under a Section 6(a) hearing, the Court is instructed to require the government, "unless the interests of fairness do not so require," to provide the defendant with the information it expects to use to rebut the classified information. *Id.* at 6(f). The Court may place the United States under a continuing duty to disclose rebuttal information. *Id.* If the government fails to comply, the Court may exclude the rebuttal evidence and prohibit the examination by the United States of any witness with respect to such information. *Id.*

### E.    Other Relevant CIPA Procedures

#### i.    Interlocutory Appeal – Section 7

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to use a protective order sought by the United States to prevent the disclosure of

classified information.  *Id.* at 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  *Id.*  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.  *Id.* at 7(b).

        **ii.**        **Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding – Section 8**

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.  Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.  This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified.  *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

To prevent "unnecessary disclosure" of classified information, Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording, or photograph.  Alternatively, the Court may order into evidence the entire writing, recording, or photograph with all or part of the classified information contained therein excised.  Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording, or photograph be considered.

Section 8(c) provides a procedure to address the problem presented at a proceeding when a defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.

Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. 3 Section 8(c).  Following an objection, the Court shall take suitable action to determine whether the response is admissible "as will safeguard against the compromise of any classified information."  *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where a defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-

### iii.    Security Procedures – Section 9

Section 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. 3 Section 9(a).  The Revised Security Procedures established by Chief Justice John Roberts pursuant to this provision are codified directly following Section 9 of CIPA. Pursuant to those procedures, should classified information be identified, the United States will, in the near future, file a motion for the appointment of a Classified Information Security Officer (CISO) to assist the Court in adjudicating the classified information at issue in this prosecution.

### iv.    Coordination Requirement – Section 9A

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  *Id.* at 9A(a).

### v.    Identification of Information Related to National Defense – Section 10[2]

This Section applies in espionage or criminal prosecutions in which the Government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.  *See* S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305.  In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.  18 U.S.C. App. 3 Section 10.

### vi.    Miscellaneous Provisions – Sections 11-15

The remaining CIPA sections contain various housekeeping provisions.  Section 11 provides for amendments to Sections 1 through 10 of CIPA.  Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined.

---

[2]  Section 10 is inapplicable in the current prosecution; nonetheless, this information is included as background.

**Government's Notice and Memorandum of Law**
**Regarding the Classified Information Procedures Act – Page 19**

Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA.  Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated.  Section 15 provides the effective date of CIPA.

### 3. Application To the Instant Case

In the instant case, it is possible that classified material may exist that could be the subject of a motion under CIPA section 4.  While CIPA has generally been outlined above, the government notes for the Court that some or many of the aforementioned CIPA Sections may not be invoked or need to be addressed in this case.  Depending on the type of information involved, if any, and the procedural posture of the case, some of the CIPA provisions discussed herein may not be applicable to this case but are outlined so that the Court is familiar with the statute in its entirety.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas Bar No. 24062396
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5213
E-mail: Frank.Gatto@usdoj.gov

## Certificate Of Service

I certify that on November 3, 2025, I electronically filed this document with the Clerk for United States District Court, Northern District of Texas, using the Court's ECF system.

s/ Frank L. Gatto
FRANK L. GATTO
Assistant United States Attorney