UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

v.                                                      No. 4:25-cr-00259-P

**CAMERON ARNOLD (01)**
**A/K/A "AUTUMN HILL"**
**ZACHARY EVETTS (02),**

   Defendant.

# ORDER

On October 28, 2025, the Court denied Defendant Zachary Evetts's Omnibus Motion in Limine without prejudice. ECF No. 88. On November 3, 2025, Evetts filed a Motion for Reconsideration regarding the Motion in Limine. ECF No. 98. Having considered the filing and for the reasons previously stated, the Court hereby **DENIES** the Motion for Reconsideration (ECF No. 98).

Also before the Court is a Motion for Bill of Particulars filed by Defendant Cameron Arnold (ECF No. 91) and a Motion for Bill of Particulars filed by Evetts (ECF No. 96). Having considered the filings and the relevant law, the Court finds it appropriate to and hereby does **ORDER** the United States to respond to both filings on or before **November 18, 2025.**

The Defendants also each filed motions relating to voir dire. Defendant Arnold filed a Motion for Court Propounded Voir Dire Questions. ECF No. 92. Defendant Evetts filed a Motion for Juror Questionnaire and Reasonable Time for Voir Dire. ECF No. 97. Having considered the filings and the nature of the case, the Court finds that the filings should be and hereby are **DENIED without prejudice**.

Lastly, before the Court is Defendant Evetts's Motion for Discovery and Inspection of Evidence. ECF No. 100. Having considered the filing and appropriate law, the Court **DENIES** the Motion.

The Court is sympathetic to the fact that some of the attorneys in this case are not used to practicing in the Fort Worth Division. Thus, the Court finds it pertinent to remind all counsel of their obligations when practicing before this Court. While the Court recognizes this is not a civil case, the Court nonetheless applies the principles in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). Particularly relevant here are the standards for conduct during discovery and the broader duty a lawyer owes to the judicial system. The Court cautions the parties that it does not take these obligations lightly and it will not tolerate frivolous motions, especially given that the Fort Worth Division is two to three times busier than the Dallas Division. *See Outsourcing Facilities Ass'n v. United States Food & Drug Admin.*, No. 4:24-cv-00953-P, 2025 WL 1782574, at *1 (N.D. Tex. Mar. 26, 2025) (cleaned up). Counsel shall conform their conduct to comply with what is expected under the rules, *Dondi*, the Texas Lawyer's Creed, and the Texas Rules of Professional Conduct. Failure to so shall result in sanctions without further notice. *Dondi Properties Corp.*, 121 F.R.D. at 288 ("Malfeasant counsel can expect instead that their conduct will prompt an appropriate response from the court, including the range of sanctions the Fifth Circuit suggests in the Rule 11 context.").

**SO ORDERED** on this **4th day of November 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE