UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                          No. 4:25-cr-259-P

CAMERON ARNOLD (01) A/K/A
"AUTUMN HILL"
ZACHARY EVETTS (2),

   Defendant.

# ORDER

   Before the Court is Defendant Cameron Arnold's Motion for Bill of Particulars filed on October 31, 2025, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, ECF No. 91, and Defendant Zachary Evetts' Motion for Bill of Particulars, filed on November 3, 2025, ECF No. 96. Having considered the Motions, applicable law, and the record in this case, both Motions are **DENIED.**

   In October 2025, the United States indicted Arnold and Evetts in a seven-count indictment: one count of providing material support to terrorists in violation of 18 U.S.C. § 2339A, three counts of attempted murder of federal officers with aiding-and-abetting liability, *id.* § 1114(a)(3), and three counts of discharge of a firearm during a crime of violence that alleged aiding-and-abetting liability, *id.* § 924(c)(1)(A)(iii). ECF No. 79. The government later filed its Second Superseding Indictment on December 10, 2025. ECF No. 127. The Live Indictment contains many factual details surrounding the alleged July 4 attack, the nature of the Antifa ideology adhered to by the operatives, and the planning of the attack. The indictment covers a plethora of charges against a variety of defendants including: one count of rioting in violation of 18 U.S.C. §§ 2101 and 2102, one count of providing material support to terrorists in violation of 18 U.S.C. § 2339A, one count of

conspiracy to use and carry an explosive in violation of 18 U.S.C. § 844(m), one count of using and carrying an explosive in violation of 18 U.S.C. §§ 844(h)(1) and (2), one count of attempted murder of officers and employees of the United States in violation of 18 U.S.C. §§ 1114(a)(3) and 2, and two counts of discharging a firearm during, in relation to, and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. The Defendants have also had the opportunity to undergo discovery with the United States and heard a day-long presentation of evidence at the initial probable cause-detention hearing that included argument, cross-examination of the case agent, and an extended presentation of evidence by the government replete with 70 PowerPoint slides. So the Defendants have been extensively informed about the evidence possessed by the United States.

Rule 7(f) provides a basis for defendants to obtain a bill of particulars. The granting or denial of bills of particulars is within the Court's discretion, and the purpose of a bill of particulars is to inform a defendant "of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F.App'x 61, 71–72 (5th Cir. 2005); *see also United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980) (explaining that a defendant does not have a right to a bill of particulars). A court abuses its discretion in denying a motion for a bill of particulars only when the defendant can show the denial resulted in "actual[ ] surprise[ ] at trial" and the defendant was "thereby prejudiced in his substantial rights." *Kirkham*, 129 F.App'x at 72 (citation omitted). The Court should therefore "only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Quiroz*, No. 4-21-CR-334-ALM-CAN-2, 2022 WL 3223983, at *2 (E.D. Tex. July 15, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022). But the "defendant possesses no right to a bill of particulars[]." *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980).

As to a defendant's notice of the charges against him, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). And "[a]n indictment is sufficient if it (1) contains the elements of the offense

2

charged and fairly informs a defendant of the charge against him and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). Further, "it is generally sufficient that an indictment set forth the offense in the words of the statute itself." *Id.*

Both Motions essentially request that the Government explain how it plans to prove the *mens rea* for the Defendants on some counts, as well as the victims, damages, and harms associated with other counts. But the Government has no obligation to explain the legal theories it plans to assert to argue that the *mens rea* element and remaining elements are met. So long as the Indictment tracks the statutory language of the crime and includes all of the elements alleged, it is sufficient for these purposes. A motion for a bill of particulars is not the proper vehicle to obtain this information; if anything discovery would be the proper means to obtain some or all of this information. "The purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977). To do so would violate the Government's rights.

Arnold lastly assets that a bill of particulars would cure multiplicitous counts. But this concern should be reserved following the jury's verdict, when the Court enters judgment on only one count if others replicate that count. So this concern is not yet ripe.

Based on the information included in the Second Superseding Indictment and the high bar needed to obtain a bill of particulars, Defendant cannot show that he is likely to be actually surprised at trial regarding the charges against him or that he needs a bill of particulars to prepare for trial. Therefore, the Court hereby **DENIES** both Motions.

**SO ORDERED** on this **13th day of January 2026.**

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE