IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 4:25-CR-259-P |
| CAMERON ARNOLD (01) | |

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE
STATEMENTS OF CODEFENDANT</u>

In its motion, the defendant seeks to exclude codefendant Bradford Morris's statements that pertain to defendant Arnold.   The government does not disagree. However, in the trial of Arnold, Evetts, Song, Morris, Batten, Elizabeth and Ines Soto, Rueda, and Sanchez the government does intend to introduce into evidence the four post-arrest statements made by codefendant Morris.   And to the extent Morris's statements include names of other codefendants involved in the attack on Prairieland the government will redact such names in accordance with *Samia v. United States*, 143 S.Ct. 2004, 2017 (2023).

In *Samia*, the Court published a primer or treatise on exactly how to introduce post-arrest statements of a non-testifying codefendant in a multi-defendant trial so as to not offend *Bruton* and *Crawford*.  *Id*.   The procedure is straight forward.   First, the government should redact by way of testimony the actual name of the defendant (e.g., Arnold) identified by the non-testifying co-defendant (e.g., Morris).  *Id*.   Second, the government should replace the redacted name (e.g., Arnold) not with the word "deleted" or some other obvious annotation but rather with a neutral reference such as "other

**Government's Response to Defendant's Motion to Exclude Statements of Codefendant - Page 1**

person" when discussing the singular and/or "a few other guys" when discussing the plural. *Id*. Finally, a limiting instruction should be given. *Id*. In the Fifth Circuit, the relevant instruction is as follows:

> In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.
> You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his [her] treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.
> Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.
> (Fifth Cir. Patt. J. Instr. 1.29, 2024.)

This instruction is nearly identical to the instruction sanctioned in *Samia*. *Samia*, 143 S. Ct. at 2011, 17. The government intends to follow the *Samia* primer when it presents agent/officer testimony of codefendant Morris's post-arrest statements.

*[Remainder of page left intentionally blank]*

And it has already directed the relevant percipient witnesses to testify in just such a manner when dealing with this particular topic.

                Respectfully Submitted,

                RYAN RAYBOULD
                UNITED STATES ATTORNEY

                *s/ Shawn Smith*
                SHAWN SMITH
                Assistant United States Attorney
                Texas State Bar No. 24033206
                United States Attorney's Office
                Burnett Plaza, Suite 1700
                801 Cherry Street, Box #4
                Fort Worth, Texas 76102-6882
                Telephone: 817-252-5200
                E-mail: shawn.smith2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the foregoing Government's Response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

                *s/ Shawn Smith*
                SHAWN SMITH
                Assistant United States Attorney