UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

v.                                            No. 4:25-cr-00259-P

**CAMERON ARNOLD (01),**
**ZACHARY EVETTS (02),**
**SAVANNA BATTEN (04),**
**ELIZABETH SOTO (07),**
**DANIEL ROLANDO SANCHEZ**
**ESTRADA (09),**

   Defendants.

## ORDER

Before the Court are five objections to Defendant's Notice of Expert Testimony. *See* ECF Nos. 226, 235, 236, 237, 241. Defendant Daniel Rolando Sanchez Estrada withdrew his expert witness designation, ECF No. 238, so that Objection is **DENIED** as moot.

Federal Rule of Criminal Procedure 16 requires Defendants to disclose certain information regarding their expert witnesses. This includes "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." FED. R. CRIM. P. 16(b)(1)(C)(iii). However, this requirement does not extend to the production of a formal "expert report" akin to those required in civil litigation under Federal Rule of Civil Procedure 26(a). So, to the extent that the Government objects that no expert reports have been disclosed, that objection is **DENIED**.

Regarding Defendant Elizabeth Soto, the Court finds that Defendant has failed to comply with the Federal Rules of Criminal Procedure and this Court's Scheduling Order. *See* ECF No. 119 at 4 ("Each defendant must file a written designation of his expert witnesses, if any, that contains the information required by Federal Rule of Criminal

Procedure 16(b)(1)(C)(iii), no later than **January 6, 2026**."). Defendant disclosed no more than the name of the expert and a general idea of what that expert will testify to. *See* ECF No. 222. This is insufficient to provide the Government with notice of the expert's testimony.

Soto seeks to cure this deficiency by amending its disclosure by today. While the Court did grant a 28-day extension, ECF No. 140, that brought Defendant's deadline to February 3. Providing this information two weeks after the deadline and a mere one business day prior to trial is insufficient to overcome their failure to disclose. *See United States v. Lundy*, 676 F.3d 444, 451 (5th Cir. 2012). Thus, the Government's Objection (ECF No. 226) is **GRANTED** and the proffered expert witness, Jackson Dimalanta, is **EXCLUDED** from testifying at trial.

Regarding the Objections to Savanna Batten (ECF No. 236) and Cameron Arnold (ECF No. 235), the Court finds that Defendants have substantially complied with their disclosure requirements. However, expert testimony at trial is strictly limited to the information included within the Defendant's disclosure. *See, e.g.*, *United States v. Jones*, 664 F.3d 966, 975 (5th Cir. 2011) (upholding exclusion of reports not included within defendant's Rule 16 disclosures). To the extent that the Government objects to insufficient statements of opinions or the bases and reasons for them, that objection is **DENIED without prejudice**. The Government remains free to raise those objections at trial.

Finally, regarding the Objection to Zachary Evetts's expert witness disclosure and considering that these are rebuttal witnesses, the Court finds that, without the context of trial and earlier testimony, it is unable to conclusively determine whether the testimony is improper under Federal Rule of Evidence 704(b). However, the Court notes that the language used by the expert gives the Court pause. Thus, the Objection (ECF No. 241) is **DENIED without prejudice**. The Government may re-raise the motion during the trial.

**SO ORDERED** on this **13th day of February 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE