IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | NO. 4:25-CR-00259-P |
| CAMERON ARNOLD (01) AKA "AUTUMN HILL" | |

**BRIEF IN SUPPORT OF A RECORD CONTAINING
THE ENTIRE TRIAL PROCEEDING**
DEFENDANT HILL (1)

TO THE HONORABLE JUDGE MARK T. PITTMAN,
UNITED STATES DISTRICT JUDGE:

COMES NOW, Cameron Arnold a.k.a. Autumn Hill (Defendant Hill) by and through her attorneys of record, Cody L. Cofer and James Luster, and hereby files this brief in support of a complete record of the entire trial proceeding.

The Court admitted into evidence videos that the parties agreed would be admitted with redactions to avoid inadmissible evidence being presented to the jury. Unfortunately, the unredacted version of the videos were sent back to the jury for deliberations. Notwithstanding the possible harm already caused, parties agreed to remove the unredacted videos from the jury's possession and submit the properly redacted version of videos. "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d).

Counsel moved the Court to include in the record the mistakenly provided unredacted videos for possible appellate review. The composition of the Record on Appeal consists of: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk. Fed. R. App. P. 10(a). Section (a) of Rule 10 may raise the question of what constitutes an "exhibit." However, the Court

need not answer this question, because Section (e)(1) allows the Court to supplement the record with "anything material to either party." Fed. R. App. P. 10(e). The unadmitted video footage is material for appellate review.

The Sixth Circuit recently addressed a similar situation. In *United States v. Maund*, the Sixth Circuit determined that the jury's consideration of unadmitted exbibits is subject to harmless error analysis. *United States v. Maund*, No. 24-5932, 2026 WL 497464, at *8 (6th Cir. Feb. 23, 2026) (the court compared the properly admitted evidence to the erroneously considered evidence).

Harmless error examination is "fact-specific and record-intensive, requiring a close review of the entire trial proceedings." *United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011), as revised (Dec. 27, 2011) (the court engaged in a thorough comparison between wrongfully admitted evidence and the properly admitted evidence). Thus, the Fifth Circuit needs the "entire trial proceedings" to properly determine whether the improperly provided unredacted videos caused harm.

### Prayer

Wherefore, Defendant Hill respectfully requests the Court supplement the record with the flash drive containing the unredacted videos that were improperly provided to the jury in deliberations and prays for such other relief Defendant Hill may be entitled.

Respectfully submitted by,

/s/Cody L. Cofer
Cody L. Cofer
TX SBN: 24066643

/s/James Luster
James Luster
TX SBN: 24061994

COFER LUSTER LAW FIRM, PC
604 E. 4th Street, Suite 101
Fort Worth, Texas 76102

        Phone: 682-777-3336  
        Fax: 682-238-5577  
        Email: ccofer@coferluster.com  
        Attorney for Cameron Arnold a.k.a. Autumn Hill

## CERTIFICATE OF SERVICE

      I hereby certify that on March 13, 2026, I electronically served the Government's attorney a copy of this brief.

                                          /s/Cody L. Cofer
                                          Cody L. Cofer