UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    No. 4:25-cr-259-P

CAMERON ARNOLD (01),
A/K/A "AUTUMN HILL"
ZACHARY EVETTS (02),
BENJAMIN HAMIL SONG (03),
SAVANNA BATTEN (04),
BRADFORD MORRIS (05),
A/K/A "MEAGAN MORRIS"
MARCELA RUEDA (06),
ELIZABETH SOTO (07),
INES SOTO (08),
DANIEL ROLANDO
SANCHEZ ESTRADA (09),

    Defendants.

## JURY INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

*First*, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. *Then*, I will give you some specific rules of law about this particular case. *Finally*, I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts— it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. A defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all and no inference whatever may be drawn from the election of any defendant not to testify.

The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial.

2

Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence that has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is

3

proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all the evidence. This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.

In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will

always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Where a defendant has offered evidence of good general reputation or opinion testimony concerning peacefulness or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his or her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

In this case the government called alleged accomplices or coconspirators as some of its witnesses with whom the government has entered into plea agreements. These agreements provide for the government not bringing additional charges, and the government potentially asking the court for sentencing leniency. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice or coconspirator, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice or coconspirator unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice or coconspirator has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

During the trial you heard testimony from witnesses who expressed certain opinions regarding Antifa, fireworks and explosives, DNA, toolmarking comparisons, and gunshot residue.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Exhibit MR 2B has been identified as a typewritten transcript of the oral conversation that can be heard on a recording received in evidence as Government Exhibit 67. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of

the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

Among the exhibits admitted during the trial was a recording that contained conversations in the Spanish language. This was Sanchez Exhibit 1. You were also provided an English language transcript of those conversations, which has been admitted into evidence. This is Government Exhibit 203. The transcript was provided to you by the government so that you can consider the content of the conversations on the recording. The accuracy of the transcript is not disputed in this case.

Although some of you may speak Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the admitted transcript and disregard any different meaning.

You will note that the Second Superseding Indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the second superseding indictment.

The word *knowingly* as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word *willfully*, as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

The doctrine of transferred intent provides that where a defendant intends harm to a person, but in the course of committing the act or

7

attempting to commit the act to harm the intended person, harms a third party, the defendant's criminal intent is transferred to the third party.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged in the Second Superseding Indictment and explained in these instructions. The defendants are not on trial for any act, conduct, or offense not alleged in the Second Superseding Indictment and not submitted to you in these instructions. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

A separate crime is charged against one or more of the defendants in each count of the Second Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

If any defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Second Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence and testimony at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do

not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the spaces provided for each defendant and for each count of the Second Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any defendant or any count of the Second Superseding Indictment, until after you have reached a unanimous verdict.

I will now go over the elements for each offense in each Count in the Second Superseding Indictment.

## COUNT ONE: RIOT – 18 U.S.C. §§ 2101 and 2

Count One of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with rioting. Title 18, United States Code, Section 2101(a) makes it a crime for anyone to use any facility of interstate commerce to organize, participate in, or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person participating in or carrying on a riot or committing any act of violence in furtherance of a riot. For you to find

9

any of the defendants named in Count One guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant used any facility of interstate commerce;

*Second*: The defendant did so with the intent to organize, participate in or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot; and

*Third*: The defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the purpose of organizing, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot.

The term *riot* means, a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual; or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.

The term *to organize, participate in,* or *carry on a riot*, includes, but is not limited to, instigating other persons to riot, but shall not be deemed to mean the mere oral or written (1) advocacy of ideas; or (2) expression of belief not involving advocacy of any act or acts of violence, or assertion of the rightness of, or the right to commit, any such act or acts.

The term *interstate commerce* means commerce or travel between one state, territory, or possession of the United States and another state,

10

territory, or possession of the United States, including the District of Columbia.

The term *commerce* includes travel, trade, transportation and communication.

For purposes of Count One, Title 18, United States Code, Section 2101(a) requires the use of any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with the intent to commit the offense. It also requires the use of any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television either during or before the defendant performed an overt act in furtherance of the offense. You are instructed that the use of the internet and the use of a cell phone are each a facility of interstate or foreign commerce.

## COUNT TWO: PROVIDING MATERIAL SUPPORT TO TERRORISTS – 18 U.S.C. § 2339A

Count Two of the Second Superseding Indictment charges the defendants named therein with providing material support to terrorists. Title 18, United States Code, Section 2339A makes it a crime for anyone to provide material support or resources; or to conceal or disguise the nature, location, source, or ownership of material support or resources, knowing or intending that the material support or resources are to be used in preparation for or in carrying out certain federal offenses. It also makes it a crime for anyone to provide material support or resources in preparation for or in carrying out the concealment of an escape from the commission of any such federal offense. For you to find any of the defendants named in Count Two guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant provided or attempted to provide material support or resources; or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources in the manner described in the Second Superseding Indictment; and

11

*Second*: The defendant did so knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1361.

The term *material support or resources* means any property, tangible or intangible, or service, including currency, or monetary instruments, or financial securities; training; communications equipment; weapons; explosives; personnel (one or more individuals who may be or include oneself); and transportation. Medicine or religious materials are not included.

The term *training* means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The defendants named therein also charged with attempting to provide material support to terrorists in violation of title 18, United States code, section 2339A. It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. For you to find the defendant guilty of attempting to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant intended to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment; and

*Second*: That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

The term *substantial step* means an act strongly corroborative of the actor's criminal intent, and that amounts to more than mere preparation.

12

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Two.

Count Two of the Second Superseding Indictment accuses the defendants named therein of committing the crime of Providing Material Support to Terrorists in three different ways. The first is that the defendant maliciously damaged or destroyed, or attempted to damage or destroy, property of the United States. The second is that the defendant willfully injured or committed any depredation against any property of the United States. The third is that the defendant attempted to kill any officer or employee of the United States.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant maliciously damaged or destroyed, or attempted to damage or destroy, property of the United States; or agree that the government proved beyond a reasonable doubt that the defendant willfully injured or committed any depredation against any property of the United States; or agree that the government proved beyond a reasonable doubt that the defendant attempted to kill any officer or employee of the United States.

The First Amendment to the Constitution guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Constitutionally protected speech can be properly used as evidence to prove a defendant's motive, intent, and knowledge to commit the offense or further the unlawful purpose of any jointly undertaken criminal activity. Stated another way, if a defendant's speech, expression, or associations were made with the intent to knowingly provide material support or resources to be used to prepare for or carry

13

out a violation of federal law, or to carry out the concealment of an escape from such violation, as described in the Second Superseding Indictment, then the First Amendment would not provide a defense to that conduct.

Count Two of the Second Superseding Indictment charges the defendants named therein with knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361. I will provide you with the elements for the offense under 18 U.S.C. § 1114 later on when I address Counts Five, Six, and Seven. But it is important that I instruct on the elements for violations of 18 U.S.C. §§ 844(f) and 1361.

Title 18, United States Code, section 844(f) makes it a crime for anyone to maliciously damage or destroy, or attempt to damage or destroy, by means of an explosive, any building, vehicle, or other real or personal property in whole or in part owned by, possessed by, or leased to the United States or any department or agency of the United States. The elements of this offense the government must prove beyond a reasonable doubt are:

*First*: The defendant damaged or destroyed property or attempted to damage or destroy property;

*Second*: The defendant did so by means of an explosive;

*Third*: That the property was, in whole or in part, owned by or possessed by or leased to the United States or any department or agency of the United States; and

*Fourth*: That the defendant acted maliciously.

The term *explosive* means gunpowders; powders used for blasting; all forms of high explosives; blasting materials; fuzes (other than electric circuit breakers); detonators and other detonating agents; smokeless powders; and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

14

The term *Property* includes buildings, vehicles, or other personal or real property.

The term "department" means one of the executive departments. The executive departments are: the Department of State; the Department of the Treasury; the Department of Defense [War]; the Department of Justice; the Department of the Interior; the Department of Agriculture; the Department of Commerce; the Department of Labor; the Department of Health and Human Services; the Department of Housing and Urban Development; the Department of Transportation; the Department of Energy; the Department of Education; the Department of Homeland Security; or the Department of Veterans Affairs.

The term *agency of the United States* includes any department, independent establishment, commission, administration, authority, board or bureau of the United States, or any corporation in which the United States has a proprietary interest.

The term *maliciously* means that the defendant acted either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly. The defendant need not have intended to injure or kill anyone.

The government must prove that the property belonged to the United States, but the government does not have to prove that the defendant knew that the property belonged to the United States.

Title 18, United States Code, section 1361 makes it a crime to injure or destroy any property belonging to the United States. The elements of this offense the government must prove beyond a reasonable doubt are:

*First*: The defendant injured or damaged, or attempted to injure or damage, property;

*Second*: The property belonged to the United States, or any department or agency of the United States, or was property that had been or was being manufactured or constructed for the United States, or any department or agency of the United States;

*Third*: The damage exceeded the sum of $1,000.00; and

15

*Fourth*: The defendant did so willfully.

To act willfully, the defendant must have acted intentionally, with knowledge that he was violating the law.

The government must prove that the property belonged to the United States, but the government does not have to prove that the defendant knew that the property belonged to the United States.

## COUNT THREE: CONSPIRACY TO USE AND CARRY AN EXPLOSIVE – 18 U.S.C. § 844(m)

Count Three of the Second Superseding Indictment charges the defendants named therein with conspiring (1) to use an explosive to commit a felony offense that may be prosecuted in a court of the United States; or (2) to carry an explosive during the commission of a felony offense that may be prosecuted in a court of the United States. Title 18, United States Code, Section 844(m) makes it a crime for anyone to conspire to use an explosive to commit a felony offense, or to conspire to carry an explosive during the commission of any federal felony offense. For you to find any of the defendants named in Count Three guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to use an explosive to knowingly commit the federal felony offense of Riot as charged in Count One, in violation of 18 U.S.C. § 2101; or that the defendant and at least one other person made an agreement to knowingly carry an explosive during the commission of the federal felony offense of Riot as charged in Count One, in violation of 18 U.S.C. § 2101;

*Second*: The defendant knew of the unlawful purpose of the conspiracy and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: The defendant knowingly and voluntarily joined the conspiracy.

Riot, in violation of U.S.C. § 2101, is a felony offense that may be prosecuted in a court of the United States. I have previously explained

16

to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of Riot in violation 18 U.S.C. § 2101.

For the offense of *conspiracy to carry an explosive during the commission of any federal offense*, the government only has to prove the defendant conspired to carry an explosive at the same time as the underlying felony offense was being committed. The government does not have to prove a relationship between the explosive carried and the commission of the underlying felony offense.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict the defendant for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all the details of the scheme alleged in the second superseding indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of

17

a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

As mentioned before, your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Three.

Count Three of the indictment accuses the defendant of committing the crime of Conspiracy to Use and Carry an Explosive in two different ways. The first is that the defendant conspired to use explosives to commit a riot, as charged in Count One of the Second Superseding Indictment. The second is that the defendant conspired to carry explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to use explosives to commit a riot, as charged in Count One of the Second Superseding Indictment; or agree that the government proved beyond a reasonable doubt that the defendant conspired to carry explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.

## COUNT FOUR: USE AND CARRY AN EXPLOSIVE – 18 U.S.C. §§ 844(h)(1) and (2)

Count Four of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with using

an explosive to commit a felony that may be prosecuted in a court of the United States; or (2) carrying an explosive during the commission of a felony that may be prosecuted in a court of the United States. Title 18, United States Code, Section 844(h) makes it a crime to use an explosive to commit a felony, or to carry an explosive during the commission of a felony. For you to find any of the defendants named in Count Four guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant used an explosive; and

*Second*: The defendant did so to commit the offense of Riot in Count One, in violation of 18 U.S.C. § 2101(a), which may be prosecuted in federal court; or

*First*: The defendant carried an explosive; and

*Second*: The ~~did~~ *They* so during the commission of the offense of Riot in Count One, in violation of 18 U.S.C. § 2101(a), which may be prosecuted in federal court.

*[handwritten margin note: MTD]*

As mentioned before, Riot, in violation of 18 U.S.C. § 2101, is a felony offense that may be prosecuted in a court of the United States. I have previously explained to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of Riot in violation 18 U.S.C. § 2101.

The use of an explosive need not result in damage or destruction of property.

For the offense of *carrying an explosive during the commission of a felony offense*, the government only has to prove the defendant carried an explosive at the same time as the underlying felony offense of Riot as charged in Count One of the Second Superseding Indictment was being committed. The government does not have to prove a relationship between the explosive carried and the commission of the underlying felony offense.

As mentioned before, your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Four.

19

Count Four of the indictment accuses the defendant of committing the crime of Using and Carrying an Explosive in two different ways. The first is that the defendant used explosives to commit a riot, as charged in Count One of the Second Superseding Indictment. The second is that the defendant carried explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant used explosives to commit a riot, as charged in Count One of the Second Superseding Indictment; or agree that the government proved beyond a reasonable doubt that the defendant carried explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.

## COUNTS FIVE THROUGH SEVEN: ATTEMPTED MURDER OF OFFICERS AND EMPLOYEES OF THE UNITED STATES – 18 U.S.C. §§ 1114(a)(3) and 2

Counts Five, Six, and Seven of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with the attempted murder of an officer or employee of the United States. Title 18, United States Code, Section 1114(a)(3) makes it a crime to attempt to kill an officer or employee of the United States with malice aforethought. For you to find any of the defendants named in Counts Five, Six, or Seven guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant intended to kill the person named in the Count with malice aforethought;

*Second*: The defendant did something that was a substantial step toward killing the person named in the Count;

*Third*: The person named in the Count was an officer or employee of the United States or of any agency in any branch of the United States Government, or any person assisting such an officer or employee; and

20

*Fourth*: The defendant attempted to kill the person named in the Count while the person named in the Count was engaged in or on account of the performance of official duties, or while assisting such an officer or employee in the performance of such duties or on account of that assistance.

The term *substantial step* means an act strongly corroborative of the actor's criminal intent, and that amounts to more than mere preparation.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.

To find malice aforethought, you need not be convinced that the defendant acted out of spite, hatred, malevolence, or ill will toward the victim.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

You should consider all the facts and circumstances before, during, and after the killing which tend to shed light on the defendant's state of mind, before and at the time of the killing.

## COUNTS EIGHT THROUGH TEN: DISCHARGING A FIREARM DURING, IN RELATION TO, AND IN FURTHERANCE OF A CRIME OF VIOLENCE – 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2

Counts Eight, Nine, and Ten of the Second Superseding Indictment charges the defendants named therein with discharging a firearm during, in relation to, or in furtherance of a federal crime of violence. Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to knowingly use or carry a firearm during and in relation to a federal crime of violence. For you to find any of the defendants named in these Counts guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant committed the crime alleged in Counts Five, Six, or Seven. I instruct you that attempted murder of an employee or

21

officer of the United States or of a person assisting such officer or employee, is a federal crime of violence;

*Second*: The defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime charged in Counts Five, Six, or Seven; and

*Third*: The firearm was discharged.

To prove the defendant "*used*" a firearm during and in relation to a federal crime of violence, the government must prove that the defendant actively employed the firearm in the commission of Counts Five, Six, or Seven, such as a use that is intended to or brings about a change in the circumstances of the commission of Counts Five, Six, or Seven. *Active employment* may include brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm. *Use* is more than mere possession of a firearm or having it available during the crime of violence.

To prove the defendant *carried* a firearm during and in relation to a crime of violence, the government must prove that the defendant carried the firearm in the ordinary meaning of the word *carry*, such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence.

*In relation to* means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

## COUNT ELEVEN: CORRUPTLY CONCEALING A DOCUMENT OR RECORD – 18 U.S.C. § 1512(c)(1)

Count Eleven of the Second Superseding Indictment charges the defendant named therein with corruptly concealing or attempting to corruptly conceal a record, document, or other object with the intent to impair its integrity and availability for use in an official proceeding. Title 18, United States Code, Section 1512(c)(1) makes it a crime for any person to corruptly conceal, or attempt to corruptly conceal, a document, record, or other object with the intent to impair its integrity and availability for use in an official proceeding. For you to find the

22

defendant named in this Count guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant concealed or attempted to conceal a document, record, or other object;

*Second*: The defendant acted knowingly;

*Third*: The defendant acted corruptly; and

*Fourth*: The defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use in an official proceeding.

The term *official proceeding* means a proceeding before a judge or court of the United States, a United States magistrate judge, or a federal grand jury.

The term *corruptly* means the defendant acted knowingly and dishonestly with the specific intent to subvert or undermine the due administration of justice.

## COUNT TWELVE: CONSPIRACY TO CONCEAL DOCUMENTS – 18 U.S.C. § 1512(k)

Count Twelve of the Second Superseding Indictment charges the defendants named therein with conspiring to corruptly conceal a record, document, and other object with the intent to impair its availability for use in an official proceeding. For you to find any of the defendants named in this Count guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant conspired with at least one other person to violate 18 U.S.C. § 1512(c)(1);

*Second*: The defendant knew of the unlawful purpose of the conspiracy; and

*Third*: At least one overt act was taken by one of the conspirators in furtherance of the conspiracy.

I have just explained to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of corruptly

23

concealing or attempting to corruptly conceal a document, record, or other object with the intent to impair its integrity and availability for use in an official proceeding, in violation 18 U.S.C. § 1512(c)(1). I also just instructed you on the meaning of the terms *corruptly* and *official proceeding*.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

You will notice that in many of the counts, the defendants named in those counts are also charged with aiding and abetting each other. Title 18, United States Code, Section 2 makes a person who aids, abets, counsels, commands, induces, or procures an offense against the United States responsible for that offense as a principal. Thus, the guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

24

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator. In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find any of the defendants guilty of any count in which they are named and charged also as an aider and abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense in the count was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

The term *to associate with the criminal venture* means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

The term *to participate in the criminal venture* means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his aid may relate to only one of the crime's phases or elements. Thus, it is not necessary that one charged as an aider or abettor commits the overt acts that accomplish the offense or that he has knowledge of the particular means his principals employ to carry out the criminal activity.

A person takes an affirmative act in furtherance of an offense if he facilitates, that is, if he acts to help or assist or make possible, any part—

25

though not necessarily every part—of the crime. An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence. Specific to the offense of aiding and abetting the discharging a firearm in furtherance of a federal crime of violence, a person takes the necessary affirmative act if he facilitates the possession of the firearm or the commission of the crime of violence. It is not necessary that the person facilitate both the possession of the firearm and the crime of violence.

Specifically for Counts Eight, Nine, and Ten, which charges the defendants named therein with aiding and abetting each other in discharging a firearm during or in relation to the federal crime of violence of attempted murder of an officer or employee of the United States, or of a person assisting such officer or employee, the government must prove the accused knew that the principal would use or carry a firearm in advance of the attempted murder offense and in sufficient time to withdraw from it. Advance knowledge means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.

You will notice that Counts One, Two, Four, and Five though Ten in the Second Superseding Indictment cite to *Pinkerton v. United States*, 328 U.S. 640 (1946). A defendant is responsible for offenses committed by another coconspirator or other conspirators if the defendant was a member of the conspiracy when the coconspirator or coconspirators committed the offense, and if the offense was committed in furtherance of the conspiracy, and if the offense was as a foreseeable consequence of the conspiracy. In other words, *Pinkerton* stands for the proposition that a conspirator is criminally liable for the substantive offenses committed by another coconspirator that are reasonably foreseeable and committed in furtherance of the conspiracy.

A defendant can be found guilty and held criminally liable for an offense under *Pinkerton* coconspirator liability even if the defendant was not charged with conspiracy. Although conspirators must pursue the same criminal objective, it is not required that the conspiracy agrees to commit or facilitate each and every part of a substantive offense that is furtherance of the conspiracy. A defendant must merely reach an

agreement with the specific intent that the underlying criminal objective be achieved by the conspiracy.

Therefore, for Counts One, Two, Four, and Five though Ten in the Second Superseding Indictment, you can find any defendant named therein guilty of that Count under *Pinkerton* as long as you find beyond a reasonable doubt that the defendant was part of a conspiracy, and the offense in that Count was committed by another member of the conspiracy in furtherance of that conspiracy, and the coconspirator's commission of that offense in that Count was reasonably foreseeable to the defendant.

2:46 p.m.      3/11/2026      Mark T. Pittman

TIME         DATE         MARK T. PITTMAN
                                 UNITED STATES DISTRICT JUDGE